IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PROFESSIONAL PROJECT SERVICES, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:20-cv-01360-CMH-MSN |
| LEIDOS INTEGRATED TECHNOLOGY, LLC, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE OT FILE A SURREPLY**

Plaintiff Professional Project Services, Inc. ("Pro2Serve")'s motion for leave to file a Surreply Memorandum is improperly noticed and should be disregarded. The motion is both untimely and violates numerous rules and practices of this Court. Even if the Court were to consider the motion, Pro2Serve's misleading proposed Surreply further confirms that the Court should dismiss Pro2Serve's Complaint.

***Procedural Defects***:

1. Pro2Serve's motion for leave is improperly filed. Pro2Serve's counsel failed to follow this Court's practices, which require all non-dispositive motions be filed on the Friday before the hearing on the following Friday. While Pro2Serve met and conferred with Defendants' counsel on Thursday, December 31, it withheld filing its Motion until the Sunday night (January 3) before the hearing on Defendants' Motion noticed for January 8. The Court should deny Pro2Serve's motion for this reason alone.

2. Pro2Serve also violated Local Rule 7(E) by failing to "set the motion for hearing" (or "arrang[ing] . . . for submission of the motion without oral argument"). Defendants deferred any hearing to the Court's discretion, but Pro2Serve unilaterally asks "that the Court grant this motion without a hearing."

3. Pro2Serve improperly delayed filing its motion. Despite claiming (without explanation) that it has acted diligently, Pro2Serve waited **11 days** after Defendants filed their Reply to seek leave to file a Surreply. By contrast, a party must file a reply brief within six days in this Court. Local Rule 7(F)(1). Pro2Serve provides no excuse for its delay.

***Substantive Defects***:

4. Pro2Serve manufactures a false reason for a Surreply and fails to address the argument in Defendants' Reply.

Pro2Serve makes the puzzling claim that Defendants seek dismissal for lack of Article III standing. That is patently false — Defendants' Reply never mentions (1) "Article III," (2) "standing," or (3) any cases addressing those concepts. The Reply simply argues that Pro2Serve's Complaint fails to allege facts supporting the required element of "damages" in a breach of contract claim. Reply at 2-8. Pro2Serve plucks the word "injury" out of the Reply to attack an Article III standing argument that Defendants never made. Pro2Serve's argument ignores that "injury" and "damages" are used interchangeably in the context of a breach of contract claim. *Cf. Ramos v. Wells Fargo Bank, N.A.*, 770 S.E.2d 491, 493 (Va. 2015) ("[A]n essential element in breach of contract action is that the defendant's breach of a contractual obligation caused ***injury or damage*** to the plaintiff. Accordingly, the plaintiff must allege facts setting forth the ***injury or damage*** incurred as a result of defendant's breach."

(emphases added and citations omitted)).  Plaintiff's "standing" argument is an obvious pretext to get the last word.

5.     Because Pro2Serve's arguments in its proposed Surreply all derive from its misconstruction of Defendants' Reply, Defendants do not respond to Pro2Serve's further arguments.

6.     The proposed Surreply further supports Defendants' argument that the Complaint fails to state a claim for breach of contract.  The only damages that Pro2Serve identifies in its Surreply are for lost opportunity and lost business.  Surreply at 5-6.  However, the Teaming Agreement's Limitation of Liability clause bars all damages for loss of business in any breach action.  *See* Defendants' Memorandum in Support of Motion to Dismiss at 4-5 & 11-13.  Pro2Serve's Opposition does not rebut this point.

   *The Bottom Line*:

Neither the Complaint, nor Pro2Serve's Opposition, nor Pro2Serve's proposed Surreply alleges facts to support how the alleged breaches of contract damaged Pro2Serve.

For these reasons, Leidos and HMIS respectfully move that the Court deny Pro2Serve's motion for leave to file a Surreply.

Dated:  January 5, 2021                     Respectfully submitted,

/s/ *Douglas P. Lobel*
Douglas P. Lobel, Esq.
Virginia State Bar Number 42329
David A. Vogel
Virginia State Bar Number 48971
Attorney for Leidos Integrated Technology, LLC
and Hanford Mission Integration Solutions, LLC
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8000

Facsimile: (703) 456-8100
Email: dlobel@cooley.com
Email: dvogel@cooley.com

Daniel J. Grooms III, Esq.
*Admitted pro hac vice*
Attorney for Leidos Integrated Technology, LLC
and Hanford Mission Integration Solutions, LLC
COOLEY LLP
1299 Pennsylvania Ave., N.W., Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: dgrooms@cooley.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of January 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Daniel Edward Johnson
>Covington & Burling LLP
>One City Center
>850 10th Street, NW
>Washington, DC 20001
>Email: dejohnson@cov.com
>
>*Attorney for Plaintiff Professional Project Services, Inc.*

>/s/ *Douglas P. Lobel*
>Douglas P. Lobel
>Virginia State Bar Number 42329
>Attorney for Leidos Integrated Technology, LLC
>and Hanford Mission Integration Solutions, LLC
>COOLEY LLP
>11951 Freedom Drive
>Reston, Virginia 20190-5656
>Telephone: (703) 456-8000
>Facsimile: (703) 456-8100
>Email: dlobel@cooley.com

241473311