IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PROFESSIONAL PROJECT SERVICES, INC. <br><br> Plaintiff, <br><br> v. <br><br> LEIDOS INTEGRATED TECHNOLOGY, LLC, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:20-cv-01360-CMH-MSN |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Defendants Leidos Integrated Technology, LLC ("Leidos") and Hanford Mission Integration Solutions, LLC ("HMIS") (together, "Defendants") by and through their counsel, for their Answer to the Complaint by Plaintiff Professional Project Services, Inc. ("Pro2Serve"), state as follows:

**ANSWER**

Defendants adopt for convenience the headings used in the Complaint for Injunctive Relief and Damages ("Complaint") as reference only, and deny any allegations implied thereby.

1. The allegations in Paragraph 1 state conclusions of law as to which no response is required. To the extent Paragraph 1 states allegations of fact, Defendants deny them.

2. Defendants deny the allegations in the first sentence of Paragraph 2. Defendants admit the allegations in the second sentence of Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. To the extent the Complaint purports to characterize and summarize a written

contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 state conclusions of law as to which no response is required. To the extent Paragraph 5 states allegations of fact, Defendants deny them.

6. The allegations in Paragraph 6 state conclusions of law as to which no response is required. To the extent Paragraph 6 states allegations of fact, Defendants deny them.

## Parties

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and on that basis deny them.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9 that HMIS is a Delaware entity with offices in Richland, Washington and that Leidos is one of three owners of HMIS, but deny the remainder of the allegations in Paragraph 9.

## Jurisdiction and Venue

10. The allegations in Paragraph 10 state conclusions of law as to which no response is required. To the extent Paragraph 10 states allegations of fact, Defendants deny them.

11. The allegations in Paragraph 11 state conclusions of law as to which no response is required. To the extent Paragraph 11 states allegations of fact, Defendants deny them.

## Factual Allegations

12. Defendants admit the allegations in Paragraph 12.

13. To the extent that Paragraph 13 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and

Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 13.

14. To the extent that Paragraph 14 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. To the extent that the first sentence in Paragraph 16 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in the first sentence of Paragraph 16. The allegations in the second and third sentences of Paragraph 16 state conclusions of law as to which no response is required. To the extent the second and third sentences of Paragraph 16 state allegations of fact, Defendants deny them.

17. The allegations in Paragraph 17 state conclusions of law as to which no response is required. To the extent Paragraph 17 states allegations of fact, Defendants deny them.

18. The allegations in Paragraph 18 state conclusions of law as to which no response is required. To the extent Paragraph 18 states allegations of fact, Defendants deny them.

19. Defendants deny the allegations in Paragraph 19.

20. To the extent that the first sentence of Paragraph 20 of the Complaint purports to characterize and summarize a written document, that document is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in the first sentence of Paragraph 20. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 20, and on that basis deny each and every allegation.

21. To the extent that Paragraph 21 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. To the extent that the first sentence of Paragraph 23 of the Complaint purports to characterize and summarize a written document, that document is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in the first sentence of Paragraph 23. Defendants deny the allegations in the second sentence of Paragraph 23.

24. Defendants admit the allegation in Paragraph 24 that Leidos sent a draft teaming agreement to Pro2Serve, but Defendants deny the remainder of the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. To the extent that Paragraph 26 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 26.

27. To the extent that Paragraph 27 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 27.

28. To the extent Paragraph 28 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 28.

29. To the extent Paragraph 29 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 29.

30. To the extent Paragraph 30 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 30.

31. To the extent Paragraph 31 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 31.

32. To the extent Paragraph 32 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 32.

33. To the extent Paragraph 33 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants

deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants admit the allegations of the first sentence of Paragraph 35. Defendants deny the allegations in the second sentence of Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37.

38. The allegations in Paragraph 38 state conclusions of law as to which no response is required. To the extent Paragraph 38 states allegations of fact, Defendants deny them.

39. To the extent that Paragraph 39 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 39.

40. The allegations in Paragraph 40 state conclusions of law as to which no response is required. To the extent Paragraph 40 states allegations of fact, Defendants deny them.

41. To the extent that Paragraph 41 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. To the extent that the first sentence of Paragraph 43 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents

incompletely, and on that basis deny the allegations in the first sentence of Paragraph 43. Defendants admit the allegations in the second sentence in Paragraph 43. Defendants deny the allegations in the third sentence in Paragraph 43. Defendants admit the allegations in the fourth sentence in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. To the extent that Paragraph 45 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 45.

46. To the extent that Paragraph 46 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. To the extent that paragraph 49 of the Complaint purports to characterize and summarize a written document, that document is the best evidence of its contents and Defendants deny any effort to characterize or summarize it contents incompletely, and on that basis deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants admit that Messrs. Kosmoski, Millkin and DeWeese were involved in communications on behalf of Defendants, and deny the remaining allegations in Paragraph 55.

56. To the extent that Paragraph 56 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 56.

57. To the extent that Paragraph 57 of the Complaint purports to characterize and summarize written documents, those documents are the best evidence of their contents and Defendants deny any effort to characterize or summarize their contents incompletely, and on that basis deny the allegations in Paragraph 57.

58. Defendants admit that, because after multiple discussions, the Department of Energy ("DOE") refused to approve a subcontracting plan that would have allowed HMIS to issue a sole-source subcontract to Pro2Serve and instead required HMIS to compete those subcontract requirements, Defendants were unable to award a sole-source subcontract to Pro2Serve so the Teaming Agreement expired by its own terms and no purpose existed to pursue a prohibited sole-source subcontract with Pro2Serve; Defendants deny the remaining allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

**Count I**
**Breach of Covenant Not to Compete**

61. Defendants restate their responses to Paragraphs 1 through 60 as if fully set forth herein.

62. The allegations in Paragraph 62 state conclusions of law as to which no response is required. To the extent Paragraph 62 states allegations of fact, Defendants deny them.

63. The allegations in Paragraph 63 state conclusions of law as to which no response is required. To the extent Paragraph 63 states allegations of fact, Defendants deny them.

64. To the extent Paragraph 64 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 64.

65. The allegations in Paragraph 65 state conclusions of law as to which no response is required. To the extent Paragraph 65 states allegations of fact, Defendants deny them.

66. The allegations in Paragraph 66 state conclusions of law as to which no response is required. To the extent Paragraph 66 states allegations of fact, Defendants deny them.

67. The allegations in Paragraph 67 state conclusions of law as to which no response is required. To the extent Paragraph 67 states allegations of fact, Defendants deny them.

## Count II
### Breach of Contract

68. Defendants restate their responses to Paragraphs 1 through 67 as if fully set forth herein.

69. To the extent Paragraph 69 of the Complaint purports to characterize and summarize a written contract, that contract is the best evidence of its contents and Defendants deny any effort to characterize or summarize its contents incompletely, and on that basis deny the allegations in Paragraph 69.

70. The allegations in Paragraph 70 state conclusions of law as to which no response is required. To the extent Paragraph 70 states allegations of fact, Defendants deny them.

71. The allegations in Paragraph 71 state conclusions of law as to which no response is required. To the extent Paragraph 71 states allegations of fact, Defendants deny them.

72. The allegations in Paragraph 72 state conclusions of law as to which no response is required. To the extent Paragraph 72 states allegations of fact, Defendants deny them.

73. The allegations in Paragraph 73 state conclusions of law as to which no response is required. To the extent Paragraph 73 states allegations of fact, Defendants deny them.

74. The allegations in Paragraph 74 state conclusions of law as to which no response is required. To the extent Paragraph 74 states allegations of fact, Defendants deny them.

75. The allegations in Paragraph 75 state conclusions of law as to which no response is required. To the extent Paragraph 75 states allegations of fact, Defendants deny them.

76. The allegations in Paragraph 76 state conclusions of law as to which no response is required. To the extent Paragraph 76 states allegations of fact, Defendants deny them.

77. The allegations in Paragraph 77 state conclusions of law as to which no response is required. To the extent Paragraph 77 states allegations of fact, Defendants deny them.

## Count III
**Tortious Interference With Contract**

78. Defendants restate their responses to Paragraphs 1 through 77 as if fully set forth herein.

79. The allegations in Paragraph 79 state conclusions of law as to which no response is required. To the extent Paragraph 79 states allegations of fact, Defendants deny them.

80. The allegations in Paragraph 80 state conclusions of law as to which no response is required. To the extent Paragraph 80 states allegations of fact, Defendants deny them.

81. The allegations in Paragraph 81 state conclusions of law as to which no response is required. To the extent Paragraph 81 states allegations of fact, Defendants deny them.

82. The allegations in Paragraph 82 state conclusions of law as to which no response is required. To the extent Paragraph 82 states allegations of fact, Defendants deny them.

83. The allegations in Paragraph 83 state conclusions of law as to which no response is required. To the extent Paragraph 83 states allegations of fact, Defendants deny them.

84. The allegations in Paragraph 84 state conclusions of law as to which no response is required. To the extent Paragraph 84 states allegations of fact, Defendants deny them.

**Count IV**
**Tortious Interference With Prospective Business Advantage**

85. Defendants restate their responses to Paragraphs 1 through 84 as if fully set forth herein.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 86, and on that basis deny each and every allegation. Defendants deny the allegations in the second sentence of Paragraph 86.

87. The allegations in Paragraph 87 state conclusions of law as to which no response is required. To the extent Paragraph 87 states allegations of fact, Defendants deny them.

88. The allegations in Paragraph 88 state conclusions of law as to which no response is required. To the extent Paragraph 88 states allegations of fact, Defendants deny them.

89. The allegations in Paragraph 89 state conclusions of law as to which no response is required. To the extent Paragraph 89 states allegations of fact, Defendants deny them.

90. The allegations in Paragraph 90 state conclusions of law as to which no response is required. To the extent Paragraph 90 states allegations of fact, Defendants deny them.

91. The allegations in Paragraph 91 state conclusions of law as to which no response is required. To the extent Paragraph 91 states allegations of fact, Defendants deny them.

92. The allegations in Paragraph 92 state conclusions of law as to which no response is required.  To the extent Paragraph 92 states allegations of fact, Defendants deny them.

93. The allegations in Paragraph 93 state conclusions of law as to which no response is required.  To the extent Paragraph 93 states allegations of fact, Defendants deny them.

94. The allegations in Paragraph 94 state conclusions of law as to which no response is required.  To the extent Paragraph 94 states allegations of fact, Defendants deny them.

95. The allegations in Paragraph 95 state conclusions of law as to which no response is required.  To the extent Paragraph 95 states allegations of fact, Defendants deny them.

96. The allegations in Paragraph 96 state conclusions of law as to which no response is required.  To the extent Paragraph 96 states allegations of fact, Defendants deny them.

<u>Count V</u><br>
<b>Violation of Va. Code Ann. §18.2-499</b>

97. Defendants restate their responses to Paragraphs 1 through 96 as if fully set forth herein.

98. The allegations in Paragraph 98 state conclusions of law as to which no response is required.  To the extent Paragraph 98 states allegations of fact, Defendants deny them.

99. The allegations in Paragraph 99 state conclusions of law as to which no response is required.  To the extent Paragraph 99 states allegations of fact, Defendants deny them.

100. The allegations in Paragraph 100 state conclusions of law as to which no response is required.  To the extent Paragraph 100 states allegations of fact, Defendants deny them.

101. The allegations in Paragraph 101 state conclusions of law as to which no response is required.  To the extent Paragraph 101 states allegations of fact, Defendants deny them.

## Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state a valid claim upon which relief may be granted.

### Second Affirmative Defense

Pro2Serve's damages, in whole or in part, were not proximately or directly caused by Defendants' alleged breach, but rather by DOE's decision to decline to approve sole-source subcontract awards to non-critical team members, including to Pro2Serve.

### Third Affirmative Defense

Pro2Serve's claims are barred in whole or in part by their failure to mitigate any damages they may have sustained, including by failing to meaningfully participate in preparation of HMIS's proposal to DOE and choosing not to pursue other business opportunities that HMIS has offered it.

### Fourth Affirmative Defense

Pro2Serve's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches by failing to meaningfully participate in the preparation of HMIS's proposal to DOE.

### Fifth Affirmative Defense

Pro2Serve's damages are barred by the parties' Teaming Agreement. The Limitations of Liability clause in the Teaming Agreement limits Pro2Serve to recovering no more than out of pocket expenses to the extent such costs are not reimbursable from the Government. Pro2Serve did not incur out of pocket expenses under the Teaming Agreement and therefore has no recoverable damages. Furthermore, even if Pro2Serve did experience any such costs, they would be reimbursable indirectly from the Government. The Limitations of Liability clause further bars other damages, including consequential damages, lost profits, and punitive damages.

### Sixth Affirmative Defense

Defendants' duties under the Teaming Agreement were discharged and/or the Teaming Agreement terminated by its own terms.  Multiple times, HMIS attempted to obtain DOE approval to award sole-source subcontracts to Pro2Serve and its other team members (including in a letter to DOE on September 1, 2020).  However, DOE in writing rejected HMIS's proposal to award sole-source subcontracts to Pro2Serve and other team members.  Under the plain language of Paragraph 19.g, the Teaming Agreement expired on September 22, 2020.

### Seventh Affirmative Defense

Alternatively, Defendants' further performance of the Teaming Agreement has been rendered impossible.  HMIS cannot perform any remaining obligations under the Teaming Agreement due to DOE's decisions, and/or any attempts to perform remaining obligations under the Teaming Agreement would be futile.

### Reservation of Defenses

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

### Request for Relief

WHEREFORE, Defendants pray that Plaintiff is not entitled to any relief under its cause of action against Defendants for the reasons set for herein.  Defendants respectfully request that the Court:

(1)     Dismiss the Complaint against Leidos and HMIS with prejudice in its entirety; and

(2) Award Leidos and HMIS any other relief the Court deems just and equitable.

Dated:  February 2, 2021                    Respectfully submitted,

/s/ Douglas P. Lobel
Douglas P. Lobel, Esq.
Virginia State Bar Number 42329
David A. Vogel
Virginia State Bar Number 48971
Attorney for Leidos Integrated Technology, LLC
and Hanford Mission Integration Solutions, LLC
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100
Email:  dlobel@cooley.com
Email:  dvogel@cooley.com

Daniel J. Grooms III, Esq.
*Admitted pro hac vice*
Attorney for Leidos Integrated Technology, LLC
and Hanford Mission Integration Solutions, LLC
COOLEY LLP
1299 Pennsylvania Ave., N.W., Suite 700
Washington, DC  20004
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899
Email:  dgrooms@cooley.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 2nd day of February 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Daniel Edward Johnson
>Covington & Burling LLP
>Evan R. Sherwood
>One City Center
>850 10th Street, NW
>Washington, DC 20001
>Email: dejohnson@cov.com
>   esherwood@cov.com

*Attorney for Plaintiff Professional Project Services, Inc.*

>/s/ Douglas P. Lobel
>Douglas P. Lobel
>Virginia State Bar Number 42329
>Attorney for Leidos Integrated Technology, LLC
>and Hanford Mission Integration Solutions, LLC
>COOLEY LLP
>11951 Freedom Drive
>Reston, Virginia 20190-5656
>Telephone: (703) 456-8000
>Facsimile: (703) 456-8100
>Email: dlobel@cooley.com

242440879